**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MITCHELL SCHUTT; JACKIE SCHUTT;
K.S., a minor by and through her natural
parents; and M.S., a minor child by and
through his natural parents,

                Plaintiffs,

vs.                                  Case No. 6:12-cv-1697-Orl-37DAB

JERRY MORGAN LEWIS a/k/a
JEREMY M. LEWIS; CITY OF OCOEE,
FLORIDA; and ORANGE COUNTY,
FLORIDA,

                Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1.    Defendant Jerry Morgan Lewis' Motion to Dismiss (Doc. 17), filed January 11, 2013;

2.    Defendant City of Ocoee's Motion to Dismiss (Doc. 19), filed January 14, 2013;

3.    Defendant Orange County's Motion to Dismiss (Doc. 20), filed January 14, 2013;

4.    Joint Stipulation Regarding Plaintiffs' Claims for Attorney's Fees and Prejudgment Interest In Counts IV-IX, and Defendants' Motions to Dismiss (Doc. 34), filed February 6, 2013;

5.    Plaintiffs' Response in Opposition to Defendant Jerry Morgan Lewis' Motion to Dismiss (Doc. 35), filed February 6, 2013;

6.      Plaintiffs' Response in Opposition to Defendant Orange County's Motion

to Dismiss (Doc. 36), filed February 6, 2013; and

7.      Plaintiffs' Response in Opposition to Defendant City of Ocoee's Motion to

Dismiss (Doc. 38), filed February 6, 2013.

## BACKGROUND

Defendant Jerry Morgan Lewis, a City of Ocoee police officer, shot Laila, the

Plaintiffs' dog. (Doc. 1, ¶¶ 8, 12, 21.) According to the sparse factual allegations of the

complaint, this is how it happened. Lewis knocked on the front door of Plaintiffs' home.

(*Id.* ¶ 18.) The door opened and out Laila came. (*Id.* ¶ 19.) Plaintiff Jackie Schutt

grabbed Laila but this did not stop Lewis from drawing his firearm and shooting Laila.

(*Id.* ¶¶ 20–21.) Besides killing Laila while she was being restrained by Jackie Schutt,

Lewis narrowly missed shooting the minor children who were in the home. (*Id.* ¶¶ 21–

23.) Defendant Orange County then came and, without Plaintiffs' authorization, took

Laila's body. (*Id.* ¶ 25.) Plaintiffs asked Orange County to return the body, but it refused.

(*Id.* ¶¶ 26–28.) They asked a second time and were told Laila's body was cremated. (*Id.*

¶ 29.) Orange County then refused to return Laila's ashes. (*Id.* ¶ 31–33.)

From this nucleus of facts, Plaintiffs spin nine separate claims, three of which are

brought pursuant to 42 U.S.C. § 1983. In this Order, the Court need only discuss

Plaintiffs' three federal claims in detail, each of which flows from the seizure of Laila.[1] In

---

[1] As noted by the Second Circuit, a number of courts of appeal have held that the unreasonable killing of a dog constitutes an unconstitutional seizure of personal property under the Fourth Amendment. *See Carroll v. County of Monroe*, 712 F.3d 649, 649 (2d Cir. 2013) (collecting cases); *see also Altman v. City of High Point, N.C.*, 330 F.3d 194, 204–05 (4th Cir. 2003) (holding the shooting of a person's dog is seizure under the Fourth Amendment). While the burden is on Plaintiffs to show that the seizure was unreasonable, given that no Defendant has challenged the reasonableness of the seizure as alleged, and given there are no allegations that Lewis was acting pursuant to

Count I, Plaintiffs allege that Lewis affected an unlawful seizure under the Fourth Amendment when he shot and killed Laila. In Count II, Plaintiffs bring a *Monell*[2] claim against the City of Ocoee based on three alternative legal theories. The federal claims in Count III are brought against the City of Ocoee and based on a *respondeat superior* theory.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## DISCUSSION

Of Plaintiffs' three federal claims, Defendants raise substantial arguments to dismiss against only Count II and Count III.[3] The Court address the arguments raised

---

a warrant, the Court assumes that Laila's shooting and subsequent removal, as alleged, was an unreasonable seizure under the Fourth Amendment for the purposes of this Order.

[2] In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court of the United States held that local governments are "persons" subject to liability under 42 U.S.C. § 1983 for unconstitutional impairments of another's federal rights.

[3] Defendants also disputed Plaintiffs' entitlement to attorney's fees and prejudgment interest. Those disputes, however, have been resolved by the parties by

against each of these Counts in turn. Lastly, the Court addresses various arguments relating to Plaintiffs' state-law claims.

## A. Count II—*Monell* Claims Against The City Of Ocoee

In Count II, Plaintiffs contends that the City of Ocoee is liable under Section 1983. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that municipalities may not be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*. Municipalities instead can only be held liable for the execution of a governmental policy or custom. As the *Monell* Court explained:

> [I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694. Plaintiffs advance claims in Count II based on three different theories of liability. The first claim asserts that the City delegated its decision making authority to Lewis, thereby making his actions the City's official policy. The second claim seeks to hold the City liable based on its failure to train, supervise, and control Lewis. The third claim seeks to hold the City liable based on Lewis' known "pattern of transgressions."

### 1. Delegation of Authority

Plaintiffs allege that the City is liable under Section 1983 because "the policy maker for Defendant City is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Lewis to make policy." (Doc. 16, ¶ 46.) By doing so, "the actual policy maker of Defendant City of Ocoee placed Defendant Lewis in a policy making position," thereby making "the acts of Defendant Lewis" those of the City. (*Id.* ¶ 47.)

---

stipulation. (Doc. 34.) Plaintiff shall incorporate the results of that stipulation in his second amended complaint.

In *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), the Supreme Court explained that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Id.* at 480. As described by the Eleventh Circuit, *Pembaur* holds that, where an action is directed by those who establish governmental policy, a municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997). Liability may therefore arise from "a course of action tailored to a particular situation and not intended to control decisions in later situations" provided that "the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Id.* There is a wrinkle, however.

The Eleventh Circuit has interpreted other Supreme Court opinions to preclude municipal liability under Section 1983 for "a subordinate official's decisions when the final policymaker delegates decisionmaking discretion to the subordinate, but retains the power to review the exercise of that discretion." *Id.* In other words, the "mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority." *Id.* (quoting *Mandel v. Doe*, 888 F.2d 783, 792 (11th Cir. 1989). In order for a delegation of authority to support a municipal liability claim, "the delegation must be such that the subordinate's discretionary decisions are not constrained by official policies and are not subject to review." *Id.*

In this case, the factual allegations of the complaint assert that Lewis was delegated authority to set policy on behalf of the City. There are no factual allegations, on the other hand, that can be said to fairly support an inference that Lewis' actions were not subject to review. This factual allegation is required in order for Plaintiffs to state a Section 1983 claim under a delegation of authority theory in this Circuit.

For this reason, Plaintiffs' first municipal liability claim is due to be dismissed without prejudice.

### 2. Failure to Train, Supervise, and Control

Plaintiffs allege that the City is also liable under Section 1983 because it "failed to properly hire, train, supervise, control and/or discipline Defendant Lewis. Defendant City of Ocoee was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Lewis such that those failures reflected a deliberate or conscious choice by Defendant City of Ocoee." (Doc. 16, ¶ 49.) The City argues that this claim should be dismissed because Plaintiffs have failed to allege any fact that would support this theory of liability. The City contends that, in order to state a claim under this theory, Plaintiffs must allege facts that show that the City knew of a specific training need yet deliberately chose not to undertake that training in a manner that constitutes deliberate indifference.

A municipality may be sued directly under Section 1983 "if it is alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of Saint Louis v. Praprotnik*, 485 U.S. 112, 121 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978)). A municipality's failure to train its officers may constitute a "policy" on which liability may rest. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001). This liability is narrow, arising only where a municipality's failure to train its officers "reflects a 'deliberate' or 'conscious' choice by [the] municipality." *Harris*, 489 U.S. at 388. As explained by the Supreme Court:

It may seem contrary to common sense to assert that a municipality will

actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

*Id.* at 390. The Eleventh Circuit instructs that a municipality's failure to train "can amount to deliberate indifference when the need for more training is obvious, such as when there exists a history of abuse by subordinates that has put the supervisor on notice of the need for corrective measures, and when the failure to train is likely to result in the violation of a constitutional right." *Belcher v. City of Foley, Ala.*, 30 F.3 1390, 1397–98 (11th Cir. 1994). The municipal policy must be the "moving force" behind the constitutional violation and, in addition, the "identified deficiency in a city's training program must be closely related to the ultimate injury." *Harris*, 489 U.S. at 391.

The allegations in Plaintiffs complaint are sufficient to support this claim. While the allegations of paragraph 49 are conclusory, Plaintiffs allege in paragraph 24, among other things, that it is the City's official policy to "wantonly, recklessly and needlessly shoot companion animals that belong to anyone other than a police officer." The remaining allegations fairly support an inference that this policy, which it closely linked to the alleged Fourth Amendment violation, was the reason why Lewis shot Laila.

As such, Defendants' motion is due to be denied as to this claim.

### 3.  Pattern of Transgressions

The Eleventh Circuit has held that a "municipality's failure to correct the constitutionally offensive actions of its police department may rise to the level of a 'custom or policy' if the municipality tacitly authorizes these actions or displays deliberate indifference towards the police misconduct." *Brooks v. Scheib*, 813 F.2d

1191, 1193 (11th Cir. 1987). The City argues that there are no factual allegations in the complaint that support this claim. Plaintiff opposes, pointing to the general factual allegations set out in the beginning of the complaint.

The Court agrees with the City that there are no factual allegations that support this claim. There are no allegations that there were past shootings, or that Lewis had shot dogs previously while on duty. There are no allegations that the City knew about past shootings so that it could tacitly authorize such conduct. The general allegations of the complaint relate to a single incident involving a single officer. This is not a sufficient basis for this theory of liability.

For this reason, Plaintiffs' third municipal liability claim is due to be dismissed without prejudice.

## B.  Count III—*Respondeat Superior* Claim Against The City Of Ocoee

In this Count, Plaintiffs contend the City of Ocoee is directly liable under Section 1983 under the theory of *respondeat superior*. Plaintiffs make a good faith attempt to distinguish the holding in *Monell*, which forecloses the use of *respondeat superior* to hold municipalities liable under Section 1983. *See, e.g.*, *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1295 (11th Cir. 2000) ("A city or local government agency 'may not be held liable for constitutional deprivations on the theory of respondeat superior.'"(quoting *Denno v. School Bd. of Volusia County*, 218 F.3d 1267, 1276 (11th Cir. 2000))). Plaintiffs' arguments, however, are not persuasive enough to overcome decades of settled law. Therefore, the claims in Count III will be dismissed with prejudice.

## C.  Plaintiffs' State Law Claims

Plaintiffs also bring a range of state-law tort claims against Lewis, the City of

Ocoee, and Orange County. Defendants challenge these claims on a variety of grounds, as discussed below.

### 1. Pre-Suit Notice

The City of Ocoee and Orange County challenge the adequacy of the allegations relating Plaintiffs' compliance with the pre-suit notice requirement of Section 768.28(6)(a) of the Florida Statutes. This statute provides a strict requirement that requires each complaint contain specific allegations of fact in order to state a claim against a Florida governmental entity. *See, e.g.*, *Borsella v. Parker*, No. 6:11-cv-1249, 2012 WL 834127, at *5 (M.D. Fla. Mar. 13, 2012). The complaint in this case alleges that Plaintiffs complied with the pre-suit notification requirements of Section 768.28(6)(a). That is all that is required. The motions are therefore denied as to this issue.

### 2. Sovereign Immunity for Wanton and Willful Conduct

The City of Ocoee moves to dismiss the state law claims in Count IV and Count V brought against it based on sovereign immunity. Florida "for itself and for its agencies or subdivisions" has waived sovereign immunity for tort liability. *See* Fla. Stat. § 768.28(1). This waiver, however, is subject to certain exceptions and limitations, one of which is that the state or its subdivisions

> shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

*Id.* § 768.28(9)(a). Because Plaintiffs allege, in the alternative, that Lewis acted in bad faith or with malicious purpose, the City argues that these claims are barred by Section 768.28.

The Court does not find the City's argument persuasive. Alternative pleading is an appropriate practice under the Federal Rules of Civil Procedure. The motion is therefore denied as to this issue.

### 3.  Sovereign Immunity for Discretionary Functions

The City of Ocoee moves to dismiss the negligent training and negligent supervision claims brought against it on the grounds of sovereign immunity.[4] Although Florida Statute § 768.28(1) waives sovereign immunity for acts which would create liability for a private person, such waiver extends only to the government's "operational," not "discretionary" acts. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001).

For Plaintiffs to state a claim for negligent training, they must show that the City was negligent in the implementation or operation of the training program. They cannot merely challenge the content of the program. The determination of the content of a training program is a discretionary function which is afforded sovereign immunity. *Lewis*, 260 F.3d at 1266.

The Court agrees that the allegations of this claim challenge the City's policy decisions regarding what to include in the training of its police officers rather than the implementation of those policies. Because a "city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning," Plaintiffs' challenge to the reasonableness of those training policies is barred by the

---

[4] Orange County also raises this issue in its motion to dismiss but it is unclear what claims Orange County is seeking to dismiss on this basis. Because the motion does not specifically state the relief which relates to that argument (as required by the Local Rules), the Court declines to dismiss any of the claims against it based on the discretionary function exception.

'discretionary' function exception to Florida's waiver of sovereign immunity. *See id.*

Further, because Plaintiffs' negligent supervision claim is also predicated on the City's failure to formulate a policy, it is also barred by the 'discretionary' function exception. *See id.*; *see also Pollock v. Fla. Dep't of Highway Patrol*, 882 So. 2d 928, 933 (Fla.2004) (cautioning that, when considering Florida's waiver of sovereign immunity, "it is necessary to ascertain the character of the allegedly negligent governmental act or omission").

The Court therefore dismisses the claims in Count VI and Count VII without prejudice.

### 4. Negligence

Lewis and the City of Ocoee argue that the negligence claims in Count VIII that Plaintiffs bring against them are not viable under Florida law. Indeed, a claim for negligence cannot be premised solely on a defendant's alleged commission of an intentional tort. *See City of Miami v. Sanders*, 672 So. 2d 46, 48 (Fla. 3d DCA 1996) ("[I]t is not possible to have a cause of action for 'negligent' use of excessive force because there is no such thing as the 'negligent' commission of an 'intentional' tort."). The factual allegations of the complaint make clear that Lewis intentionally shot Laila and, therefore, preclude a negligence claim under Florida law.

The Court dismisses without prejudice the claims in Count VIII that Plaintiffs assert against Lewis and the City of Ocoee.

### 5. Intentional Infliction of Emotional Distress Claims

The City of Ocoee moves to dismiss this claim because it is barred by sovereign immunity. Under Florida law, the "intentional or reckless" requirement of a claim for intentional infliction of emotional distress constitutes "wanton and willful" conduct for

which sovereign immunity is not waived. *See Williams v. City of Minneola*, 619 So. 2d 983, 987 (Fla. 5th DCA 1993). Plaintiffs' intentional infliction of emotional distress claims against the City and Orange County are therefore barred by the doctrine of sovereign immunity.[5] As such, the Court dismisses them with prejudice.

### X.  Defendants' Remaining Arguments

The Court does not find persuasive any of Defendants' remaining arguments and, therefore, declines to dismiss any of Plaintiffs' claims on those grounds.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.     Defendant Jerry Morgan Lewis' Motion to Dismiss (Doc. 17) is **GRANTED IN PART** and **DENIED IN PART**.

2.     Defendant City of Ocoee's Motion to Dismiss (Doc. 19) is **GRANTED IN PART** and **DENIED IN PART**.

3.     Defendant Orange County's Motion to Dismiss (Doc. 20) is **DENIED**.

4.     The first and third claims in Count II of the First Amended Complaint are dismissed without prejudice. The claims in Count III of the First Amended Complaint are dismissed with prejudice. The claims in Count VI and Count VII are dismissed without prejudice. The claims in Count VIII against Lewis and the City of Ocoee are dismissed without prejudice. The claims in Count IX brought against the City of Ocoee and Orange County are

---

[5]  Orange County did not move to dismiss this claim on this ground. But the issue has been fully briefed by the City and Plaintiffs, and the applicable statute by its own terms applies equally to the claims brought against the City and those brought the County.

dismissed with prejudice.[6]

5.    Plaintiff shall file, no later than July 19, 2013, a second amended complaint that is consistent with this Order and the parties' written stipulation.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 28, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record

---

[6] Plaintiffs may re-plead any claim dismissed without prejudice so long as the amended complaint adds allegations of fact obviate the ground for dismissal.